Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Nevada

_____ D

| | |
|---|---|
| TERI P. VILLAFANA | **2:21-cv-00661-GMN-DJA** |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ✔Yes ☐No |
| -v- | |
| T-MOBILE | FILED ____ RECEIVED<br>ENTERED ____ SERVED ON<br>COUNSEL/PARTIES OF RECORD<br><br>APR 21 2021<br><br>CLERK US DISTRICT COURT<br>DISTRICT OF NEVADA<br>BY:_____ DEPUTY |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | TERI P. VILLAFANA |
   | Street Address | 6409 MARROW RD |
   | City and County | LAS VEGAS AND CLARK |
   | State and Zip Code | NEVADA AND 89108 |
   | Telephone Number | 9176906984 |
   | E-mail Address | BEAUTIFULDREDMUSIC@GMAIL.COM |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | T-MOBILE |
| Job or Title *(if known)* | |
| Street Address | 6880 BERMUDA ROAD |
| City and County | LAS VEGAS CLARK |
| State and Zip Code | NEVADA 89119 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | CAROL RUTAN |
| Job or Title *(if known)* | CAT EXECUTIVE MANAGER |
| Street Address | 6880 BERMUDA ROAD |
| City and County | LAS VEGAS CLARK |
| State and Zip Code | NEVADA 89119 |
| Telephone Number | (303) 210-4025 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | MELINDA HALL |
| Job or Title *(if known)* | CAT SUPERVISOR |
| Street Address | 6880 BERMUDA RD |
| City and County | LAS VEGAS CLARK |
| State and Zip Code | NEVADA 89119 |
| Telephone Number | (504) 948-5205 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | TAYLOR KITCHIN |
| Job or Title *(if known)* | HUMAN RESOURCES |
| Street Address | 6200 SPRINT PARKWAY |
| City and County | OVERLAND PARK JOHNSON |
| State and Zip Code | KANSAS 66211 |
| Telephone Number | (720) 420-6738 |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | T-MOBILE |
| Street Address | 6880 BERMUDA RD |
| City and County | LAS VEGAS CLARK |
| State and Zip Code | NEVADA 89119 |
| Telephone Number | (800) 697-6000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

42 U.S.C. §§ 2000e to 2000e-17 ;42 §§ U.S.C 12203; 31 U.S.C.§§ 6711 AND 18 U.S.C §§1513

☑ Relevant state law *(specify, if known)*:

NRS.449.205, NRS449.207, NRS613.190 NRS613.432, NRS613.075 NRS613.405 AND NRS6

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [✔] Termination of my employment.
- [✔] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [✔] Unequal terms and conditions of my employment.
- [✔] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
5/2019 WHEN SCHEDULE REQUEST WAS NOT HONORED AND WRONGFULLY TERMINATED FOR

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [✔] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [✔] race — AFRICAN AMERICAN/MIX
- [ ] color
- [ ] gender/sex
- [✔] religion — RASTAFARIAN
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [✔] disability or perceived disability *(specify disability)*
  PTSD AND ANXIETY

E. The facts of my case are as follows. Attach additional pages if needed.

ATTACHE CLAIMS FROM EEOC AND NARRATIVE OF EVENTS THAT OCCURED FROM 5/2019 TO TERMINATION DATE OF 3/18/2020.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
01/13/2020

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 01/29/2021 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2020-01309 |
|---|---|---|
| | NEVADA EQUAL RIGHTS COMMISSION | and EEOC |
| | *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**MISS TERI P VILLAFANA** | Home Phone<br>**(917) 690-6984** | Year of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **6409 WEST MARROW ROAD, LAS VEGAS, NV 89108** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**SPRINT** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(913) 315-8081** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **6880 BERMUDA RD, LAS VEGAS, NV 89119** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: **03-17-2020**   Latest: **03-17-2020**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On or about September 11, 2017, I was hired by SPRINT CORPORATION (T-MOBILE) as an Executive Escalation Executive. My last position was Executive Escalation Executive. On or about January 13, 2020 I filed a claim with the EEOC charge no. 487-2020-00138. I was retaliated against by the Respondent after the claim was filed on or about February 9, 2020 with actions such as but not limited to; allegations that I did not call a customer back and having low quality on my calls. Thereafter, I was discharged from my position on or about March 17, 2020.

I believe I was discriminated against because of my race, Black, and retaliated against for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Teri Villafana on 10-09-2020 09:44 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2020-00138 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Miss Teri P. Villafana | (917) 690-6984 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6409 WEST MARROW ROAD | Las Vegas, NV 89108 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SPRINT CORP | 500 or More | (800) 697-6000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6880 Bermuda Road, Suite 100 | Las Vegas, NV 89119 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-21-2019    Latest: 12-08-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Sprint Corporation on September 11, 2017, as an Executive Escalation Representative. On or about May 21, 2019, I was discharged. I was called back to work the next day on May 22, 2019. In or about June 2019, I was subjected to different terms and conditions of employment. The difference in treatment included but not limited to: being denied a schedule change. On December 8, 2019, I was issued a corrective action.

The reason given to me for the denied schedule change was there would be no business needs. The reason given to me for the discharge was because of a no call/no show. Even though I had provided a doctor's note. The reason given to me for the corrective action was due to code of conduct.

I believe that I have been discriminated against due to my race, Black, and in retaliation for complaining about discrimination, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Jan 13, 2020<br>Date            Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

THE REASON FOR TERMINATION THAT WAS PROVIDED BY THE DEFENDANT WAS " I DONT KNOW" TO THE PLAINTIFF. THE INFORMATION PROVIDED TO EEOC FROM THE DEFENDANT HAS NO VALIDITY BASED UPON STATEMENT PROVIDED BY DEFENDANT WHO REFUSED TO PARTICIPATE IN ANY RESOLUTION OFFER. THE DEFENDANT STILL OWES PLAINTIFF FOR WAGES NOT PAID OUT OF 54.25 HOURS AT 18.98 PER HOUR FOR PTO DEDUCTIONS WHICH WERE NOT VALID. $3400.00 BONUS WHICH THE PLAINTIFF EARNED EVERY YEAR REQUESTED BACKDATED PAYMENT OF THE BONUS THAT HAS NOT BEEN PAID FOR EACH MONTH( 3400X14MONTHS AT FILING). REQUESTING ALL BACK PAY FROM SALARY AT DATE OF TERMINATION UNTIL SETTLEMENT. THE DEFENDANT STRATEGICALLY CREATED TERMINATION FOR PLAINTIFF AFTER GOING TO EEOC. THE DEFENDANT NEVER PROVIDED ANY

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: _____

Printed Name of Plaintiff: TERI P. VILLAFANA

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____



EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Teri P. Villafana<br>6409 WEST MARROW ROAD<br>Las Vegas, NV 89108 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-01309 | Brian Gorecki,<br>Investigator | (702) 553-4465 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2021.01.11 08:19:38 -08'00'

Tamara M. West,
Local Office Director

Enclosures(s)   (Date Issued)

cc:   Velinda Brown, Legal Analyst
Sprint
6450 Sprint Parkway
KSOPHN0304-3B418
Overland Park, KS 66251

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Teri P. Villafana<br>6409 WEST MARROW ROAD<br>Las Vegas, NV 89108 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00138 | Brian Gorecki,<br>Investigator | (702) 553-4465 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2021.01.11 08:18:48 -08'00'

Enclosures(s)  Tamara M. West, Local Office Director  *(Date Issued)*

cc: Velinda Brown, Legal Analyst
Sprint
6450 Sprint Parkway
KSOPHN0304-3B418
Overland Park, KS 66251

On 5/19/2019 the Plaintiff, Teri Villafana was wrongfully terminated from the Defendant, Sprint now T-Mobile for an accusation from the Defendant of a No Call No Show, when the Plaintiff provided medical documentation to provide 3-Day consecutive absence due to illness. The Plaintiff provided the documentation to the Defendant and followed the policy with documentation and workforce policy, to contact Defendant on the first day only of the 3-Day consecutive absence per Defendant Policy. The Defendant violated **NRS 613.155.**

At the time of the termination the Plaintiff had requested to have a schedule change numerous times for a schedule time change from 9AM to 6PM to 7AM to 4PM. The Defendant violated **NRS 613.4359** for denial of the request. At the time of repeated requests, the request was denied, and the Plaintiff was advised there was no business needs. The Defendant violated **NRS. 207.297** due to the Plaintiff race of being African American. The Defendant violated **NRS 613.330**. This request was denied repeatedly, and only Spanish employees were only allowed the schedule 7AM to 4PM. The Defendant violated **NRS 613.400** based upon Preferential Treatment for White/Spanish Employees. The Plaintiff applied for various positions with Defendant over a 36-month period. The opportunity that the Plaintiff was being mentored by Legal Department colleague, the Plaintiff applied for the position on 9/25/2019 based upon mentor suggestion and conversation with hiring manager. The Plaintiff applied for the position based upon conversation between the Plaintiff and her mentor and the opportunity to relocate. The Plaintiff was advised that the opportunity would be a good fit for the position based upon the educational attributes of completion of MBA in Criminal Law. The Plaintiff was removed from the application pool the day of the interview and the Plaintiff's opportunity for the position was immediately removed. The Plaintiff started working for the Defendant as an Escalation Executive in 2017 with the schedule from 9AM to 6PM.

Plaintiff reached out to the Defendant members of leadership with an overview of the employment for 24-month period on 8/27/2019 along with other the experiences and lack of promotional opportunities along with request to change schedule. The Plaintiff complaints went unheard and never addressed directly with Defendant. The Plaintiff requested meetings with Defendant management that never occurred response provided on 10/8/2019. The Plaintiff continued to endure PTO balances to be incorrect and when Plaintiff brought this to the attention of Defendant, Defendant system kept PTO in a negative balance from 2018- 2019. **NRS 613.030** the Defendant violated this by altering PTO balance that was inaccurate and never corrected, even at termination. 56.25 hours are due to Plaintiff at $18.98 per hour was never compensated by Defendant to the Plaintiff.

The Plaintiff never was provided a resolution with the Defendant with the schedule change and or other opportunities. The Plaintiff requested with Defendant to address with management. The Plaintiff went to the third- party entity EEOC in October 2019. The EEOC took the complaint for Discrimination and completed the complaint on January 13, 2020. **Case number 487-2020-00138**. The notification was submitted to the Defendant within seven to ten days of filing claim. The Plaintiff was a protected employee due to the FMLA rights which the Plaintiff was under as of 9/11/2018. The Plaintiff was still employed at the time of filing with EEOC. The Defendant was placed on notice on or before 1/27/2020 with the EEOC complaints supported by **NRS 613.405 and NRS 613.420**.

The Plaintiff was still employed by the Defendant on the date of the complaint in January 2020. The Plaintiff was protected by the FMLA Rights. The Plaintiff had several deaths in the family from December 2019 through March of 2020. The Plaintiff went out on bereavement on 12/9/2019 and The EEOC file

was processed for the Plaintiff on January 13th, 2020. Upon return from three-day bereavement in December, the Plaintiff was advised that there was clarification needed on a call from the management for the Defendant. The Plaintiff was pulled into office with Defendant manager Levi Stajcar for clarification on a call with another member of management for Defendant named Jennifer Delange. Neither one of the parties were the direct manager for the Plaintiff. The Plaintiff is an African American woman with MBA in Criminal Justice with hairstyle of dreadlocks which represents the religious culture of Rastafarian.

The Defendant, Levi Stejcar a member of management pulled the Plaintiff in the office to discuss the call. The call lasted for about 22 minutes. The Plaintiff has spoken to the Defendant client several times before so there was a rapport established between the Plaintiff and the customer. The customer provided all types of compliments on how the call was handled by the Plaintiff and the resolution. The Defendant management asked questions that were applied to the Plaintiff as follows: Do you know the Code of Conduct? Do you know about the substance abuse policy? Why was the call 23 minutes? What was sent to the customer via email? Why did the account get credited? This is the behavior by the Defendant that began the harassment and violation of Employment Laws. The Plaintiff did not break any Code of Conduct Policy (attached). The Plaintiff was advised by the Defendant that the Verbal Code of Conduct Corrective Action was issued to the Plaintiff and was advised that she cannot speak on anything that is not Federally Mandated. The Plaintiff never spoke on marijuana, yet the customer did throughout the conversation.

Plaintiff again was out on bereavement in the month of February. Plaintiff returned to work and the Defendant member of management named Melinda Hall, the Plaintiff direct supervisor advised the Plaintiff that Defendant member of management named Carol Rutan wanted to place the Plaintiff on a written corrective action. Melinda Hall advised the Plaintiff that the corrective action would not occur since the Defendant stated that the Plaintiff did not contact a customer back. According to the Defendant the Plaintiff would not get any sort of corrective action, due to the callback was made on January 19th, 2020. The Plaintiff was advised on February 23rd that the written corrective action which would be for failure to call customer back. This was the second form of retaliation by the Defendant after the EEOC case was filed. The Defendant violated **NRS 449.205** and **NRS 449.207** through the actions of the Defendant.

The Defendant made determination to terminate employment of the Plaintiff upon return from bereavement from March 14th, 2020. Plaintiff returned on March 18th. The Plaintiff was called into an office at 3:20PM by the Melinda Hall and advised to Plaintiff "Management made a determination to terminate your employment today". The Plaintiff requested "Who in management made this decision what was she being terminated for?" Both questions were answered by Melinda Hall, member of management for the Defendant. The answer provided to the Plaintiff was "I don't know". The Defendant provides at will employment and termination can occur for any reason, or no reason. The reason provided by the Defendant was "I don't know" which was not the answer provided to EEOC. The Defendant violated **NRS 613.200** with this action.

Plaintiff was a protected employee under the FMLA Rights since 9/11/2018. The Plaintiff was continuously harassed by the Defendant after returning from bereavement leave from January through March 2020 until termination, prior to knowing about the COVID-19 pandemic. This was considered retaliation which EEOC opened an additional case against the Defendant **487-2020-01309**. The Plaintiff notified EEOC about all the additional write-ups and harassment which made this employment experience hostile. Plaintiff filed complaint about discrimination on January 13, 2020.

The Plaintiff reached out to the CAP, which is a third- party entity the Defendant that provides to Appeal the termination. The CAP department was unaware that the Plaintiff filed with EEOC. CAP was unaware that there was an EEOC claim filed against the Defendant. CAP refused to assist the Plaintiff and denied the appeal.

The Defendant was sold to T-Mobile in April of 2020. The Statement that was provided by the Defendant about the situation was provided in August of 2020 from the first claim filed by the Plaintiff. There was a second claim that was filed by EEOC for retaliation in May of 2020. The termination of the Plaintiff was structured without merit after filing with EEOC. The statement that was provided to answer the EEOC claim, claims that the Plaintiff was terminated for misconduct. Misconduct was never advised to the Plaintiff at the time of termination and misconduct was never mentioned to Unemployment by the defendant which is a disqualifying factor to receive.

All the members of management by Defendant that participated in all the discriminatory and harassing behavior and listed in the EEOC complaint were terminated from the Defendant in April of 2020. Carol Rutan, David Schislinger and Jennifer Delange are all the members of Defendant's management that were terminated.  Melinda Hall, the Plaintiffs direct supervisor is out on medical leave.

The Plaintiff complained about the bonus that has been received every year of employment. The Defendant and Melinda Hall member of management advised the Plaintiff at termination that the bonus would still be paid out. The Defendant provided bonus for the Plaintiff every year based upon employment from March 2019 to March 2020. The plan that played out by the Defendant to terminate an employee for speaking up about the discrimination that was displayed to the Plaintiff on numerous occasions, on 38 job requisitions, having MBA but White and Spanish employees get promoted repeatedly with less education, than the Plaintiff.

The Defendant had processed the documentation for the Plaintiff to work from home, due to the pandemic, yet never kept the bereavement that the Plaintiff attended was part of the beginning of a worldwide pandemic. The Defendant structured this termination for the Plaintiff to create unnecessary financial hardship and wages are still unpaid from the PTO error and bonus which was earned and received all the years prior and due to the merger with T-Mobile the bonus was a bit larger. The bonus was never paid to the Plaintiff in the amount of $3400.00. The Plaintiff is holding the Defendant accountable for the behavior that was not an Equal Employment Opportunity, violation the Civil Rights of the Plaintiff, discriminated against because the Plaintiff spoke up. The Plaintiff was fired in March 2020 after filing the EEOC claim in January 2020. The Defendant violated **NRS 613.190, NRS 613.432** and **NRS 613.075**.

The Defendant refused to participate in any type of resolution and the Statement that was provided to EEOC from T-Mobile had a lot of information that was defamation of character on the Plaintiff. Misconduct on the Plaintiff is a discredit to the services provided as an employee to the Defendant. The Defendant violated the rights of the Plaintiff repeatedly. Wrongful termination twice by the Defendant in the beginning of a worldwide pandemic. Constant harassment throughout the tenure of employment from 2018-2020. This employment experience has a detrimental effect on the Plaintiff and has caused and continued to be a toxic working environment that has contributed to the Plaintiff health related issues.

The Plaintiff is requesting and filing a lawsuit against the Defendant per **NRS 613.290** for liability for damages and **NRS 613.300** for relief for the punitive damages that were caused by the Defendant's process, behavior and unethical employment practices displayed and projected to their employee, the Plaintiff.