UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERI P. VILLAFANA,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE, et al.,<br><br>    Defendants. | Case No.: 2:21-cv-00661-GMN-DJA<br><br>**ORDER** |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1).

**I.**    ***In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964 and Nevada law. *See* Compl. (ECF No. 1-1). The Court will address the sufficiency of those claims below.

A.   Title VII

Plaintiff alleges she was subjected to race discrimination and retaliation under Title VII. To sufficiently allege a prima facie case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege that: (1) she is a member of a protected class; (2) she was performing according to the Company's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were

2

treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *Gardner v. LKM Healthcare, LLC*, 2012 U.S. Dist. LEXIS 111415 (D. Nev. July 27, 2012).

In order to make out a *prima facie* case of retaliation, Plaintiff must show: (1) involvement in a protected activity, (2) a "materially adverse" action, and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)); *see also*, *Burlington Northern & Santa Fe Rwy. Co. v. White*, 458 U.S. 53, 68 (2006) (setting forth the "materially adverse" standard). To prove causation, Plaintiff "must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the 'adverse employment decision and that but for such activity' the adverse employment action would not have occurred." *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002).

To her Complaint, Plaintiff attaches her charge dated January 13, 2020 and the dismissal and right to sue issued by the EEOC on January 11, 2021. The Court may take judicial notice of these documents. *See*, *e.g., Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports of administrative bodies' "), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2:12–cv–01837–JCM–PAL; 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) (taking judicial notice of EEOC proceedings and documents submitted therein). As a result, the Court finds that Plaintiff timely filed this action and exhausted her administrative remedies with respect to her race and retaliation claims.

However, she also indicated on her complaint that she believes that she was discriminated against based on her religion (Rastafarian) and disability (PTSD and anxiety), but no mention of such categories is made on her inquiry form or charge. The Court cannot consider incidents of discrimination not included in an EEOC charge "unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quotation omitted). A claim is like or reasonably related to allegations in an EEOC

3

charge if the claims "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* To make this determination, the Court considers factors such as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quotation omitted).  Here, the Court is not certain whether her religion and disability claims were within the scope of the EEOC's investigation to find that they were administratively exhausted.  However, given that she is proceeding pro se, the Court will permit her to survive screening at this point.

Additionally, she names individual defendants, which is not permitted under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII").  Rather, Plaintiff may only bring suit against her employer, who may be found liable for the actions of its employees under the respondeat superior theory of liability.  As such, it is not clear that Plaintiff has a cognizable claim against the individual defendants.  However, the Court will permit her complaint to survive screening at this point and she may attempt to cure these deficiencies, if she can, with an amended complaint.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pre-pay the filing fee of four hundred and two dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The Clerk of the Court shall issue Summons to Defendants and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint (ECF No. 1-1) to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

Dated: April 26, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.